UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| INDEPENDENT SCHOOL DISTRICT NO. 2899, PLAINVIEW-ELGIN-MILLVILLE; INDEPENDENT SCHOOL DISTRICT NO. 810, PLAINVIEW; PETER GRANT, former Superintendent of Independent School District No. 810; and MARY ALLEN, former Principal of Plainview High School, | Civil No. 06-4587 (JRT/FLN) |
| Plaintiffs, | **ORDER** |
| v. | |
| TUDOR INSURANCE COMPANY, and SAVERS PROPERTY AND CASUALTY INSURANCE COMPANY, a subsidiary of Meadowbrook Insurance Group, | |
| Defendants. | |

Sonya J. Guggemos and Margaret A. Skelton, **RATWIK, ROSZAK & MALONEY, PA**, 300 U.S. Trust Building, 730 Second Avenue South, Minneapolis, MN 55402, for plaintiffs.

Robert L. Graff and Jacob S. Woodard, **MEAGHER & GEER, PLLP**, 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402, for defendant Tudor Insurance Co.

David A. Schooler and John M. Bjorkman, **LARSON KING, LLP**, 30 East Seventh Street, Suite 2800, St. Paul, MN 55101, for defendant Savers Property and Casualty Insurance Co.

This matter is before the Court on plaintiffs' motion to dismiss defendants' counterclaims and defendants' request for leave to amend its answer.  For the reasons set

forth below, the Court grants defendants' request for leave to amend and denies plaintiffs' motion to dismiss.[1]

On November 2, 2006, plaintiffs commenced this action in state court, seeking a declaratory judgment that defendants Tudor Insurance Company ("Tudor") and Savers Property and Casualty Insurance Company ("Savers") had a duty to defend and indemnify plaintiffs against an underlying lawsuit. On November 20, 2006, plaintiffs agreed to allow Savers a two-week extension in which to respond to the Complaint. The next day, Tudor removed this action to the United State District Court for the District of Minnesota. On December 5, 2006, Savers filed its Answer and asserted counterclaims against plaintiffs.

The parties dispute the agreed-upon terms of the stipulated extension. Plaintiffs argue that Savers' counterclaims were not timely filed, and that Savers' request for the extension was granted only with respect to an Answer, and not counterclaims or cross-claims. Plaintiffs seek dismissal of Savers' counterclaims on this basis.[2] Savers responds that the stipulated extension for filing was tolled when this action was removed to federal court, and that the counterclaims asserted in its Answer dated December 5, 2006 are therefore timely. Savers also contends that the stipulated extension allowed for all responses except dispositive motions.

---

[1] Savers' Memorandum in Opposition to plaintiff's motion includes a request for leave to amend its pleadings. The Court construes Savers' Memorandum as a formal Request for Leave to Amend under Federal Rule of Civil Procedure 15(a).

[2] Although plaintiffs contend that Savers' Answer is itself untimely under the stipulated extension, thus rendering Savers' counterclaims untimely, plaintiffs do not challenge Savers' Answer on this basis. Plaintiffs seek only to dismiss Savers' counterclaims on grounds that the counterclaims were not timely filed. Thus, the Court need not determine whether Savers' Answer was timely for purposes of this motion.

In light of Savers' alternative request to amend its Answer, however, the Court need not resolve the parties' conflicting interpretations of the extension to file. Following a responsive pleading, a party may amend its pleading by leave of court, which "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Amendment of pleadings is to be liberally allowed. *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989). Thus, "absent a good reason for denial – such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment – leave to amend should be granted." *Id.* Plaintiffs have made no allegations of bad faith, undue prejudice, or futility, and the Court finds no reason to exempt Savers from a liberal application of Rule 15(a). The Court therefore grants Savers' request for leave to amend its Answer to assert counterclaims and cross-claims, and denies plaintiffs' motion to dismiss on this basis.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Defendant Savers' Request for Leave to Amend [Docket No. 21] is **GRANTED**.

2.  Plaintiffs' Motion to Dismiss Savers' Counterclaims [Docket No. 11] is **DENIED**.

DATED:   July 10, 2007                       s/ John R. Tunheim
at Minneapolis, Minnesota.                   JOHN R. TUNHEIM
                                                                    United States District Judge